IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:25-CR-116 (BKS) |
| | ) | |
| v. | ) | |
| | ) | |
| **MAURO RIGOBERTO HERNANDEZ-BATZ,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

The Government hereby files its sentencing memorandum in the above-captioned case as to Defendant Mauro Rigoberto Hernandez-Batz, in anticipation of the upcoming hearing in which the Defendant is expected to waive indictment and plead guilty to one count of illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a), and to be sentenced.

Federal Rule of Criminal Procedure 32(c)(1)(A)(ii) allows a sentencing hearing to proceed in the absence of a presentence investigation report if "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. §3553, and the court explains its finding on the record." Based on the Pretrial Services Report and the Offer of Proof on the docket, together with the information expected to be presented to this Court at the plea hearing, the Government acknowledges there is sufficient information in the record for this Court to sentence the Defendant and to appropriately apply the § 3553(e) sentencing factors. This Defendant is a nonviolent offender with no prior criminal history in this country who illegally reentered the United States after a prior removal and who faces a likely prompt deportation after this criminal case is resolved.

The Government believes that the following Guidelines calculation applies at sentencing:

- Base offense level, U.S.S.G. § 2L1.2:                              8

- Acceptance of responsibility, U.S.S.G. § 3E1.1(a)            -2
- Zero-point offender, U.S.S.G. § 4C1.1(a):                    -2
- **Total Offense Level:**                                      4

As the defendant has a Criminal History Category of I, the guidelines imprisonment range is 0-6 months.

The Government believes that the Defendant is indigent, so the Government moves this Court to remit the $100 special assessment as uncollectable. *See* 18 U.S.C. § 3573. No term of supervised release is required, *see* 18 U.S.C. § 3583(a), and because the Defendant is a removal alien who will likely be deported after serving any term of imprisonment, the Government is not seeking imposition of supervised release, *see* U.S.S.G. § 5D1.1(c).

After taking into account all relevant circumstances and in the absence of any known aggravating factors, the Government respectfully recommends a term of incarceration within the applicable guidelines range and has no objection to a time-served sentence.

Dated:  April 4, 2025                               Respectfully submitted,

                                                    JOHN A. SARCONE III
                                                    United States Attorney

                                                    /s/ Michael F. Perry
                                    By:             _____
                                                    Michael F. Perry
                                                    Assistant United States Attorney
                                                    Bar Roll No. 518952