UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   v.                                          CASE NO: 24-CR-0116 (BKS)
                                                    **DEFENSE SENTENCING MEMORANDUM**

MAURO HERNANDEZ-BATZ,

                    Defendant.

---

**I.    PRELIMINARY STATEMENT**

On March 10, 2025, Mauro Hernandez-Batz was arrested by United States Border Patrol agents and charged with unlawful reentry by a removed alien in violation of 8 U.S.C. § 1326(a). Mr. Hernandez-Batz is scheduled to appear before the Court on April 8, 2025, for a combined change of plea hearing and sentencing. The following is provided in support of the defense's request that the Court impose a sentence of time served.

**II.    APPLICABLE GUIDELINE RANGE**

Mr. Hernandez-Batz's guideline range in this case is straightforward. He has no criminal convictions, resulting in a zero criminal history score. He is therefore a criminal history category I. Furthermore, his total offense level is 4. The applicable guideline, U.S.S.G. § 2L1.2, provides a base offense level of 8. Mr. Hernandez-Batz is eligible for a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and an additional two-point reduction for zero-point offender status pursuant to U.S.S.G. § 4C1.1. Accordingly, with a total offense level of 4 and criminal history category I, Mr. Hernandez-Batz's guideline range is 0-6 months' imprisonment. Because his guideline range falls within Zone A of the Sentencing Table, a sentence of imprisonment is not required. U.S.S.G. § 5C1.1(b).

**III.    SENTENCING FACTORS**

In determining a sentence, a court must consider the statutory factors listed in 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §3553(a). In this case, the sentencing factors weigh in favor of a sentence of time served.

Mr. Hernandez-Batz was born and raised in Totonicapán, Guatemala. He and his three brothers and two sisters were raised by his mother, who worked "typical" Guatemalan jobs, like cutting hair and making aprons. Mr. Hernandez-Batz's father was never a part of his life because he had another family and was never married to his mother. Mr. Hernandez-Batz describes a life of poverty in Totonicapán. His family never had enough food to eat, and he attended school only for three years because his mom could not afford to buy school supplies like books or backpacks.

Mr. Hernandez-Batz first came to the United States in 2006 but was deported in 2009. Eight years later, he returned and met a woman with whom he fell in love. The two of them had two children together while here in the United States. Mr. Hernandez-Batz has always been employed, including landscaping jobs, construction, mill factory work, and food production. He financially supports his family here in the United States.

While Mr. Hernandez-Batz was here in the United States, he made a good and decent life. He has never been arrested before. He stayed in good health. Because he maintained regular employment, his family was relatively financially stable. They enjoyed a simple life that included going to church and taking walks in his neighborhood. In this way, Mr. Hernandez-Batz should be recognized for sensibly capitalizing on the opportunities presented to him while in this country.

All of this notwithstanding, however, Mr. Hernandez-Batz understands he needs to return to Guatemala and begin his life there. He is taking responsibility for entering the United States unlawfully. At the time of his arrest, and afterwards, he was cooperative and compliant with law enforcement. Mr. Hernandez-Batz did not use violence to enter the country, nor has he been violent while here in the United States. He poses no threat to anyone. Accordingly, the relevant factors in this case support a sentence of time served to permit Mr. Hernandez-Batz to begin again back home as soon as possible.

## IV.   CONCLUSION

For the reasons discussed above, the defense respectfully requests the Court impose a sentence of time served.

DATED: April 4, 2025                                     LISA A. PEEBLES
                                                        FEDERAL PUBLIC DEFENDER

                                              By:   */s Anne L. LaFex*
                                                    Assistant Federal Public Defender
                                                    Bar Roll No. 517311
                                                    Clinton Exchange, 3rd Floor
                                                    4 Clinton Street
                                                    Syracuse, New York   13202
                                                    (315) 701-0080


To:   Michael Perry, AUSA (by ECF)
      Mauro Hernandez-Batz (by hand delivery)